## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:25-mj-140 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| LUTHER BULLOCK, | : | |
| | : | |
| Defendant. | : | |

### THE UNITED STATES' MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that Luther Bullock (the "Defendant") be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E). The United States requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### PROCEDURAL HISTORY AND RELEVANT FACTS

On August 11, 2025, at approximately 5:40 p.m., Metropolitan Police Department ("MPD") officers responded to the area of 1st Street Northeast and Riggs Road Northeast in Washington, D.C. in response to a request from D.C. Fire & Medical Services ("DCFEMS"). W-2, a DCFEMS medic, told police that DCFEMS responded to the scene for the report of a person, later identified as the Defendant, who was injured after falling off a scooter. While EMS was providing medical assistance to the Defendant, W-1, also a DCFEMS medic, observed the outline of a firearm in the Defendant's pants. W-1 then saw the firearm fall out of the Defendant's pocket. W-1 alerted W-2, who picked up the firearm, rendered it safe, and called for police. The DCFEMS employees stored the firearm and ammunition in a fire truck until MPD officers arrived. MPD in turn called for the Department of Forensic Sciences ("DFS").

After MPD arrived, MPD Sergeant Jeremy Brady had the following conversation with DEFENDANT while DEFENDANT was in an ambulance:

SERGEANT BRADY:     Is your firearm registered?

DEFENDANT:     No.

SERGEANT BRADY:     Do you have a license to carry a firearm?

DEFENDANT:     I wish I did.  It's not mine.  I saw it just now.  I just found it.

A DFS crime scene technician responded to the scene and recovered the firearm, a .40 caliber Glock 27 with serial number BPKE131, with a 13-round-capacity magazine which contained 12 rounds.

**Figure 1: the firearm that fell out of the Defendant's pocket**



In 2015 CF3 009974, the Defendant was convicted of Attempted Robbery in violation of 22 D.C. Code § 2802, which is punishable by up to three years of incarceration.  The plea agreement filed in that case, which the Defendant signed, advised the Defendant that Attempted Robbery carries up to three years of incarceration.  According to the Proffer of Facts filed in that case, which the Defendant signed as part of his plea agreement, the Defendant grabbed a victim and said, "Give me your [expletive] money," hit the victim in her face with his fist, and then fled the scene.  *See* Exhibit 1.

In total, the Defendant has twenty prior arrests, eight prior convictions, and two prior bench warrants. Notably, the Defendant's criminal history includes a previous firearms case. In 2003-FEL-002293, the Defendant was convicted of Attempted Carrying a Pistol Without a License and Unlawful Possession of Ammunition, in violation of D.C. Code §§ 22-4504, 1803, and 7-2506.01. The Defendant's criminal history also includes prior violent offenses including a 2018 Simple Assault (2018 CMD 13700) and a 2014 Destruction of Property (2014-CMD-014444), which, according to the arrest warrant affidavit filed in the case, resulted from the Defendant throwing a lit cigarette into a victim's car and causing burn damage to car's interior. *See* Exhibit 2.

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e). When determining whether any condition or combinations of conditions will assure the appearance of a defendant and the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. *See* 18 U.S.C. § 3142(g).

In making the pretrial detention determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v.*

*Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36

(D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device.  *See Smith*, 79

F.3d at 1210; *Williams*, 798 F. Supp. at 36.

### The Bail Reform Act Factors Favor Detention Given the Danger to the Community and Concerns Regarding Defendant's Return to Court

The United States seeks pretrial detention pursuant to 18 U.S.C. 3142(f)(1)(E) because the

Defendant is charged with a felony involving a firearm, namely, Possession of Firearm and

Ammunition By a Prohibited Person, in violation of 18 U.S.C. § 922(g).  In this offense, the

Defendant was found in possession of a loaded firearm.  This offense represents the Defendant's

twentieth arrest.  The Defendant's criminal history includes a prior conviction for a gun offense and

multiple prior violent offenses.

There are no conditions or combination of conditions that would assure the safety of the

community or the Defendant's return to Court should he be released.  *See* 18 U.S.C. § 3142(e)(1).

All four Section 3142(g) factors favor detention pending trial, including: (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the

Defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person

or the community that would be posed by the Defendant's release.  *See* 18 U.S.C. § 3142(g).

The nature and circumstances of the charged offense and the overwhelming evidence weigh

in favor of pretrial detention.  The Defendant was carrying a loaded gun despite being a prohibited

person with a prior firearms conviction and multiple prior violent convictions.  Moreover, the

evidence in this case is overwhelming.  A DCFEMS medic saw the firearm fall out of the Defendant's

pocket.  As this Court has noted, "if the evidence against a defendant is overwhelming, credible,

helpful, and important to the government's case in chief, that may increase the risk that defendant

will flee to avoid future court proceedings and may indicate that the defendant is a present danger to

4

himself or the community if the government's allegations later prove to be true." *See United States v. Blackson*, 2023 WL 1778194, at \*10 (D.D.C. Feb. 6, 2023), *aff'd,* 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Because that is true here, the strength of the evidence against the Defendant also favors detention.

Likewise, the Defendant's history and characteristics weigh in favor of detention. As noted, the Defendant has twenty prior arrests, eight prior convictions (including a firearms convictions and convictions for violent offenses), and two prior bench warrants. The Defendant has also completed multiple periods of probation but has not ceased his criminal conduct.

For all these reasons, the Defendant is a danger to the community. The D.C. Circuit has noted that "'[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community,'" pretrial detention is available to "'disable the arrestee from executing that threat.'" *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). This requires the Court to make a "forward looking determination" about the Defendant's risk of danger to the community, keeping in mind that detention may be justified even if the Court does not explicitly find that Defendant is a risk of committing acts of violence. *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing *Munchel*, 991 F.3d at 1283). The Defendant poses a clear and articulable threat to the community. He has demonstrated a complete disregard for the safety of members of this community. No condition or combination of conditions can deter a person who repeatedly violates the law for over two decades and who insists on carrying a loaded gun despite being a prohibited person.

## CONCLUSION

Defendant is eligible for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(E).  All four of the Bail Reform Act factors weigh in favor of pretrial detention, and the Defendant poses a substantial risk of dangerousness to the community and flight if he is released pending trial in this case.

WHEREFORE, the United States respectfully requests that the Court issue an Order granting the United States' motion that the Defendant be held without bond pending trial.

> Respectfully submitted,
>
> JEANINE F. PIRRO
> United States Attorney
>
> By:    */s/ Jacob M. Green*
> Jacob M. Green
> MA Bar Number 706143
> Assistant United States Attorney
> United States Attorney's Office
> 601 D Street, N.W.
> Washington, D.C. 20530
> Telephone: (202) 803-1617
> Email: Jacob.green3@usdoj.gov

6