UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>LUTHER BULLOCK, JR. )<br>)<br>Defendant. )<br>_____) | No.  25-mj-140 |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S
### MOTION FOR DETENTION

Defendant Luther Bullock respectfully requests that he be released into the High Intensity Supervision Program. Based on a complaint charging one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922 (g), the government requested pretrial detention of Mr. Bullock pursuant to 18 U.S.C. § 3142(f)(1)(A), asserting that there are no conditions or combination of conditions that will reasonably assure the safety of the community. The government has not met its burden to overcome the presumption of release, and certainly not by a clear and convincing evidence standard. This Court should deny the government's request.

### Background

Mr. Bullock is a 51 year old resident of the District of Columbia. He is currently on disability because of a replacement surgery to his hip and knee. Although he has some contacts with police, his criminal history is largely dated. He

has notably done well on supervision, most recently successfully completing probation for a DUI offense in 2023.

Mr. Bullock has a number of significant health problems that present everyday challenges for him. Along with his physical ailments, he suffers from hypertension and diabetes and also takes blood thinners because of high stroke risk. He has just recently been granted a housing voucher by DCHA and lives in an apartment in the northeast quadrant of the District.

## Introduction

Mr. Bullock is charged with unlawfully possessing a firearm. Mr. Bullock is not accused of using the firearm, tossing the firearm or fleeing with a firearm. He is not accused of having a high capacity firearm or a stolen firearm. This is notable because the Bail Reform Act does not authorize detention based solely upon the fact that an individual has a criminal history. And the Bail Reform Act does not presume detention for individuals that unlawfully possess a firearm – even though all of those charged under 922 (g) have committed some act that renders them ineligible to possess a gun. Instead, the Bail Reform Act leaves in place the presumption of release for individuals like Mr. Bullock.

Mr. Bullock has no history of loss of contact and has completed several periods of probation satisfactorily, demonstrating his ability to be compliant under supervision. Because of these facts, in combination with his ties to the community

2

and his devotion to caring for his family members, the government cannot prove, by clear and convincing evidence, that there are no conditions or combination of conditions that could not protect the safety of the community.

## Argument

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); see also *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id.* at 1405.

The government bears the burden of demonstrating, by clear and convincing evidence, that preventative detention is necessary to ensure the safety of the community. Here, Congress declined to enact a rebuttable presumption for

detention. In the end, the government must prove that detention is necessary by the weighty "clear and convincing evidence" standard. Because it cannot do so, Mr. Bullock should be released.

### A. The government has not proven, by clear and convincing evidence, that preventative detention is necessary to ensure the safety of the community.

Under the Bail Reform Act, the Court must consider the following factors when determining whether the government has set forth clear and convincing evidence that Mr. Bullock be detained. They are: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence; 3) the history and characteristics of the person charged; and 4) the nature and seriousness of the danger posed by the person to any person in the community if he is released. 18 U.S.C. 3142 (g).

Weighing all of these factors, this Court should release Mr. Bullock.

### 1. The Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense charged weigh in favor of release. Mr. Bullock is accused of a possessory offense for a firearm. He is accused only of holding the gun. There is no allegation that he ever pointed the gun, fired the gun or used it in a threatening manner. In fact, officers never even saw the firearm in Mr. Bullock's hands.

The firearm in question contained a magazine that was capable of holding 13 rounds of ammunition. The gun was not stolen and there were no attachments to it,

4

like a laser sight or a giggle switch.  It was not a ghost gun.  When Mr. Bullock was arrested, he was questioned about the registration of the gun when he acknowledged that he had just found the gun.

Given that there is no presumption for detention, and that the firearm was not used against any individual, this factor should weigh in favor of release.

### 2. The weight of the evidence

The weight of the evidence in this case may favor detention but it is far from determinative.  This Court has recently opined that the weight of the evidence is the "least important factor and rarely favors the defendant at this stage." <u>United States v. Mario Mares</u>, 1:23-CR-252(ACR) (Memorandum Opinion at 5).

### 3. The History and Characteristics of the Defendant

Mr. Bullock has a very limited criminal history.  He has only one prior felony conviction – an Attempted Robbery over ten years ago. Significantly, he successfully completed probation for his only felony.  His other convictions are an array of substance abuse related cases and misdemeanor offenses that warranted relatively minor sentences.

### 4. The Nature and Seriousness of the Danger to Any Person in the Community

Mr. Bullock is not a danger to anyone in the community.  This case alleges that he was in possession of a weapon.  There is no evidence that he used the weapon to assault anyone or to threaten anyone.  He did not use the weapon against

anyone. He has, in fact, never been accuse of using a weapon against anyone in his life.

The government asks the Court to consider his prior felony as the lone basis to demonstrate that Mr. Bullock is dangerous. But a felony from over ten years ago is not nearly enough to show that Mr. Bullock is a danger to the community, particularly in light of the presumption of release and the array of conditions potentially available to the Court. That Mr. Bullock successfully completed probation for that felony speaks volumes in answering the ultimate question for this Court – there are certainly conditions that can reasonably assure the safety of the community. Mr. Bullock should be placed on conditions that generally mirror the conditions that he successfully followed while compliant on supervision in that case.

To the extent the Court is concerned with his dangerousness, a restrictive condition such has High Intensity Supervision would reasonably assure the safety of the community. But Mr. Bullock intends to stay within his homeand does not plan to leave the home unless necessary. The Court can be reasonably assured that Mr. Bullock will not be a danger to the community. The government cannot prove otherwise, especially by clear and convincing evidence.

Finally, the Court should consider the following cases where defendants charged with similar offenses have been released. The majority of these cases involve defendants who exhibited more significant indicia of dangerousness in their 3142 factors but were still released with conditions. Despite the government and

Pretrial Service Agency's warnings in all of those cases, the Magistrate Court was able to fashion conditions and the defendants were all generally compliant with those conditions and did not prove to be a danger to the community. *See e.g. United States v. Gaines,* 25-cr-39-01 (defendant released where firearm was tossed); *United States v. Gaskins*, 25-cr-39-02 (defendant released despite three prior gun cases); *United States v. Mickens,* 25-cr-48 (defendant released despite nine prior convictions); *United States v. Abdul-Wali,* 25-cr-70 (defendant released despite conviction for possession of a firearm during a crime of violence); *United States v. Vines* 25-mj-44 (defendant released despite allegation he tried to grab officer's firearm during arrest); *United States v. Abass*, 25-cr-79 (defendant released despite high capacity magazine, drugs that the government alleged was not consistent with personal use and five prior convictions including two prior gun convictions); and *United States v. Clark*, 25-cr-113 (defendant released despite two prior firearms offenses and a possession with intent to distribute PCP); *United States v. Foster,* 25-cr-177 (defendant released despite presence of large capacity magazine, giggle switch, 8 prior convictions and 25 bench warrants); *United States v. Deandre Davis*, 25-cr-170 (defendant released despite being on probation for a felony assault).

## <u>Conclusion</u>

The government has not overcome the presumption of release in this case because it has not met its weighty burden of demonstrating that there no conditions or combination of conditions that will assure the safety of the community. Mr.

Bullock respectfully requests that the Court release him with appropriate conditions.

                                                Respectfully submitted,

                                                A. J. KRAMER
                                                FEDERAL PUBLIC DEFENDER

                                                        /s/
                                                _____
                                                EUGENE OHM
                                                Assistant Federal Public Defender
                                                625 Indiana Avenue, N.W., Suite 550
                                                Washington, D.C.  20004
                                                (202) 208-7500